# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 12, 2007

132195

RUSSELL ALLGAIER,
            Plaintiff-Appellant,

v

CITY OF WARREN,
            Defendant-Appellee.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 132195
COA: 268102
Macomb CC: 05-000127-NO

On order of the Court, the application for leave to appeal the August 22, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

Plaintiff is a 50-year-old blind man. He resides in the city of Warren and routinely goes for walks by himself. He uses a cane to avoid tripping or running into things. On two separate occasions, plaintiff fell in front of 32849 Grinsell Drive. The cause of the falls was a 1½-inch discrepancy in height between adjoining sidewalk slabs.

Plaintiff brought suit alleging that defendant city had failed to maintain the sidewalk in reasonable repair, in violation of its statutory duty. Defendant moved for summary disposition. The trial court granted the motion. The court found that an issue of fact existed about whether the sidewalk was in reasonable repair. However, it also concluded that plaintiff had failed to show that defendant had notice of the defect. The Court of Appeals affirmed in a split decision. The majority disagreed with the trial court on the notice issue, but found that plaintiff had not rebutted the inference of reasonable repair. Judge Davis dissented. He agreed with the majority's notice analysis, but would have found that a genuine issue of fact existed with regard to the issue of reasonable repair.

The Governmental Tort Liability Act (GTLA) provides that "each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable

repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1). The term "highway" expressly includes sidewalks. MCL 691.1401(e). MCL 691.1402a(2) provides that defects of less than two inches create a rebuttable inference that the municipal corporation maintained the sidewalk in reasonable repair.[1]

The issue in this case is whether plaintiff has presented sufficient evidence to rebut the inference that the particular area of sidewalk where plaintiff fell was in reasonable repair.[2] By providing for a rebuttable inference, not an irrebuttable presumption, the Legislature intended a case-by-case determination about whether a height differential under two inches gives rise to liability.

The plaintiff presented evidence that the sidewalk slab he tripped on was weathered and in poor condition. There was also testimony from the city engineer that the city had adopted a policy of replacing sidewalk slabs if the height differential was three-quarters of an inch or more. The engineer surmised that the city adopted this policy because it had decided that a height differential of three-quarters of an inch or more represented a safety hazard.

I think that the evidence plaintiff presented is sufficient to rebut the inference created by MCL 691.1402(a)(2). Defendant city, which is more familiar with the condition of its roadways than anyone, has decided that any differential more than three-quarters of an inch is unsafe and needs remedying. This decision is entitled to weight. Since (1) the height differential causing plaintiff's fall violated the city's own policy, and (2) there was also evidence that the slab in question was weathered and in poor condition, the inference that the sidewalk was in reasonable repair at this particular location has been rebutted. I would reverse and remand for further proceedings.

CAVANAGH, J., joins the statement of KELLY, J.

---

[1] MCL 691.1402a(2) provides:

> A discontinuity defect of less than 2 inches creates a rebuttable inference that the municipal corporation maintained the sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel in reasonable repair.

[2] Since the height differential causing plaintiff's falls was less than two inches, the rebuttable inference of MCL 691.1402a(2) applies, and it was plaintiff's duty to rebut this inference.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 12, 2007

_Corbin R. Davis_
Clerk

t0109